UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------
PARLIN FUNDS LLC and THE PARLIN
FAMILY FOUNDATION,

          Plaintiffs,



11 Civ. 2534(ALC)(MHD)

     - against -             **OPINION AND ORDER**

TYRONE GILLIAMS, TL GILLIAMS, LLC,
EVERETTE L. SCOTT, JR., ELAM & SCOTT,
LLP, THE SCOTT LAW GROUP, L.L.C.,
VASSILIS MORFOPOULOS, BASIC
INTERNATIONAL DEVELOPMENT CORPORATION,
THE H.E.A.R.T.T. FOUNDATION and BRETT M.
SMITH a/k/a "BRETT ANGELSON,"
J.R. DELGADO and GLOBAL FORTRESS, INC.,

          Defendants.
---------------------------------

**ANDREW L. CARTER, JR., United States District Judge:**

    I have reviewed the Report and Recommendation of the United States Magistrate Judge Michael H. Dolinger, dated June 15, 2012 ("R & R"), which recommends that the plaintiffs' motion for default judgment against defendants Tyrone Gilliams and TL Gilliams, LLC (the "Gilliams defendants") be granted insofar as it seeks entry of a default against these defendants, but that entry of judgment in a specific monetary amount be deferred until plaintiffs make a more comprehensive showing. On June 29, 2012, the Gilliams defendants filed an objection (the "Objection") to the R & R.

    In their Objection, the Gilliams defendants "reassert their position in their response to Plaintiffs' Motion for Default Judgment" that they "have a right to invoke their Fifth Amendment Right." However, "[o]bjections to a Report must be specific and clearly aimed at

particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Sup. 2d 485, 487 (S.D.N.Y. 2009). "Objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations." Vega v. Artuz, No. 97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). Therefore, "a petitioner may not simply address the same arguments that the magistrate judge considered and expect the Court to threat the filing seriously. Instead, a petitioner ought to explain to the reviewing Court, citing proper authority, why the magistrate judge's application of law to facts is legally unsound." Johnson v. Artus, No. 07-cv-5905, at *1 (S.D.N.Y. May 28, 2009) (citation and alterations omitted). Accordingly, "when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Id.

In their Objection to the R & R, the Gilliams defendants simply reiterated their original arguments and conclusively stated that they have a Fifth Amendment right not to respond to discovery requests, and that plaintiffs "have other means of obtaining the information they require." The Gillaims defendants do not cite any authority nor do they explain why Judge Dolinger's conclusion against their arguments was legally unsound. Therefore, this Court has no basis to reject the findings or conclusions of Judge Dolinger which I have determined, on independent review, to be legally sound and free from any clear error. Accordingly, I hereby adopt the thorough R & R in full and grant the plaintiff's motion insofar as it seeks entry of a default against these defendants, but that entry of judgment in a specific monetary amount be deferred until plaintiffs make a more comprehensive showing.

SO ORDERED.

Dated: New York, New York
October 23, 2012

Andrew L. Carter, Jr.
United States District Judge